**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SALIH BAKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-2132-SMY |
| | ) |
| WARDEN RACHEL DODD, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Salih Baker, an Illinois Department of Corrections state prisoner, filed this habeas corpus action under 28 U.S.C. § 2254 to challenge two impositions of prison discipline for allegedly possessing contraband.  For the following reasons, the Petition is **DISMISSED**.

**Factual and Procedural Background**

Baker is currently incarcerated at Big Muddy Correctional Center, with a projected parole date of December 29, 2023.  He is challenging two impositions of prison discipline.  The first imposition of discipline on or about November 29, 2022 (incident number 202200943/1 – ROB), involved an incident officer, Fralicker, accusing Baker of violating offense codes 203 and 308 for drugs and drug paraphernalia and contraband/unauthorized property, respectively (Doc. 1, p. 24). Baker was found guilty and sentenced to 7 days of segregation and one month of C Grade.  (*Id.*)

The second imposition of discipline on or about January 18, 2023 (incident number 202300025/1 – ROB), involved an incident officer, Herald, accusing Baker of violating the same offense codes for allegedly possessing "2-3 gallons of a homemade intoxicant."  (*Id.* at p. 31.) Baker was found guilty and sentenced to 14 days of segregation, 1 month of contact visit and commissary restrictions, a disciplinary transfer, and one month of C Grade.  (*Id.*)  Baker filed a

grievance requesting to have the discipline expunged.  The Grievance Officer recommended a denial of the grievance.  (*Id.* at p. 37.)

In response to question 8 on the § 2254 habeas petition form, Baker checked the box "no" with respect to his filing "an appeal from judgment of conviction."  (*Id.* at p. 2.)  And there is no indication in the Petition that he sought further review from a state court, filed any post-conviction petitions, applications, or motions, or appealed to the "highest state court having jurisdiction" over the imposed discipline.  (*Id.* at pp. 2-5.)

## Discussion

This case is before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Significant to the Court's review of the Petition herein, Illinois prisoners must exhaust administrative remedies through the prison grievance process before filing federal habeas petitions challenging prison discipline. *McAtee v. Cowan,* 250 F.3d 506, 508-509 (7th Cir. 2001).  This includes exhausting state judicial remedies by filing "a complaint for an order of mandamus from an Illinois circuit court."  *Id.*  See also, *Donelson v. Pfister,* 811 F.3d 911, 915 (7th Cir. 2016) (filing of a mandamus action in state court is "a prerequisite for Illinois prisoners challenging disciplinary actions in federal court by bringing a §2254 petition").  If that mandamus action is unsuccessful, prisoners "must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court," to fully exhaust their state remedies.  *McAtee,* 250 F.3d at 508-509.

Here, Baker alleges that he has "exhausted [his] administrative remedies with the Illinois Dept. of Corrections," (Doc. 1, p. 13) but there is no indication that Baker has filed a mandamus action in state court, much less appealed it through to the Illinois Supreme Court.  Accordingly, this Petition will be dismissed at the preliminary review stage.

### Disposition

Petitioner Salih Baker's 28 U.S.C. § 2254 Petition is **DISMISSED** without prejudice for failure to exhaust state court remedies.  The pending Motion to Proceed *in Forma Pauperis* (Doc. 2) is **TERMINATED as MOOT**.  The Clerk is **DIRECTED** to close this case.

### Certificate of Appealability

For the reasons detailed above, no reasonable jurist would find it debatable whether this Court's ruling about Baker's failure to exhaust state court remedies were correct. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  July 12, 2023**

**STACI M. YANDLE**
**United States District Judge**